# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

**CAPITOL INDEMNITY CORPORATION,**

    **PLAINTIFF**

Vs.                                              **Docket No.**

**GAS and FOOD MART, INC. a/k/a
GAS & FOOD MART, INC.,
MICHAEL ROBINSON and
DOMINICK BROWN,**

    **DEFENDANTS**

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Capitol Indemnity Corporation (hereinafter "Capitol Indemnity"), by and through counsel of record and for its Complaint for Declaratory Judgment in this cause states as follows:

### INTRODUCTION

1. This action is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 - 2202 and Rule 57 of the Federal Rules of Civil Procedure for a declaratory judgment of the respective rights, duties and obligations among the parties under a policy of insurance issued by Plaintiff Capitol Indemnity to Defendant Gas & Food Mart, Inc.

2. An actual case in controversy of a justiciable nature exists between the parties involving the rights and obligations of the parties under the Capitol Indemnity policy of insurance issued to Defendant Gas & Food Mart, Inc.

## PARTIES

3. Plaintiff Capitol Indemnity is an insurance company qualified to do business in the State of Tennessee with its principal place of business located in Middleton, Wisconsin.

4. Defendant Gas and Food Mart, Inc. a/k/a Gas & Food Mart, Inc. is a Tennessee corporation with its principal place of business located in Memphis, Shelby County, Tennessee.

5. Defendant Michael Robinson is a resident citizen of Memphis, Shelby County, Tennessee.

6. Defendant Dominick Brown is a resident citizen of Memphis, Shelby County, Tennessee.

7. All Defendants have an interest in the declaration of coverage for this dispute as Defendant Dominick Brown has filed suit in the Circuit Court of Shelby County, Tennessee under docket No. CT-003526-15 against Defendant Gas and Food Mart, Inc. a/k/a Gas & Food Mart, Inc. and Defendant Michael Robinson seeking damages for an alleged assault committed by Defendant Michael Robinson on the premises of Defendant Gas and Food Mart, Inc.

## JURISDICTION AND VENUE

8. There exists an actual case in controversy of a justiciable nature between the parties as to whether the insurance policy issued by Plaintiff Capitol Indemnity requires it to defend or provide indemnity coverage for Defendants Gas and Food Mart, Inc. a/k/a Gas & Food Mart, Inc. and/or Defendant Michael Robinson with respect to the

claims brought against them in the lawsuit filed by Defendant Dominick Brown in the Circuit Court of Shelby County, Tennessee under docket No. CT-003526-15.

9. The United States District Court for the Western Section of Tennessee has jurisdiction over this matter based on diversity of citizenship, pursuant to 28 U.S.C. Section 1332(a) (1), and Article 3, Section 2, of the United States Constitution, which provides that Federal Courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000.00 and is between citizens of different States.

10. The amount in controversy exceeds the diversity jurisdictional limit of $75,000.00.

11. Venue is proper in the United States District Court for the Western District of Tennessee, pursuant to 28 U.S.C. Section 1391(a) (1) & (2).

## THE CAPITOL INDEMNITY INSURANCE POLICY

12. Plaintiff Capitol Indemnity issued a policy of insurance (hereinafter "the Policy"), Policy Number CP02306070-01 with an effective date of October 25, 2013 to October 25, 2014 to Defendant Gas & Food Mart, Inc.

13. A certified copy of the Capitol Indemnity Policy Number CP02306070-01 is attached hereto as Exhibit "1" and incorporated herein by reference pursuant to Rule 10 of the Federal Rules of Civil Procedure.

14. The named insured on the Policy is Defendant Gas & Food Mart, Inc.

15. Section II – WHO IS AN INSURED of the Commercial General Liability Coverage Form of the Policy provides that "employees" of the insured Gas & Food Mart, Inc. are also insureds under the Policy but only with respect to acts within the scope of

their employment or while performing duties related to the conduct of the named insured's your business. (CG 00 01 04 13 at p. 10 of 16).

## THE UNDERLYING LITIGATION

16. It has been alleged by Defendant Dominick Brown that on or about August 24, 2014 he was an invitee or customer of Gas and Food Mart, Inc. and that after a verbal altercation with Defendant Michael Robinson he was physically assaulted by Defendant Michael Robinson while leaving the gas station.

17. Defendant Michael Robinson was subsequently arrested by the Memphis Police Department and charged with aggravated assault.

18. On or about August 21, 2015, Defendant Dominick Brown filed suit for damages in the Circuit Court of Shelby County, Tennessee under docket No. CT-003526-15 against Defendant Gas and Food Mart, Inc. and Defendant Michael Robinson. A true and accurate copy of the original Complaint (hereinafter the "underlying Complaint") filed against Gas and Food Mart, Inc. and Defendant Michael Robinson is attached hereto as Exhibit "2" and incorporated herein by reference pursuant to Rule 10 of the Federal Rules of Civil Procedure.

19. The factual allegations upon which Defendant Dominick Brown's underlying Complaint are based as set forth in paragraphs 7 – 15 of the underlying Complaint provide as follows:

STATEMENT OF RELEVANT FACTS

7. On August 24, 2014, Plaintiff was an invitee and/or customer of Gas and Food Mart Inc.

8. After a verbal altercation, Plaintiff Mr. Brown was physically assaulted by Defendant, Michael Robinson, while leaving the gas station.

9. During the assault Mr. Brown was severely beaten with a stick, thrown to the asphalt, and repeatedly struck in the head and face.

10. As a result of the attack, Plaintiff lost consciousness.

11. While unconscious, the employee of the Gas and Food Mart left the parking lot and reentered the store, leaving Brown helpless and seriously injured.

12. After approximately a minute, Defendant Robinson returned to the parking lot and threw a substance on Plaintiff and struck him again in the head and kicked him in the side, all while Plaintiff remained unconscious from the assault.

13. Video surveillance recordings confirm the assault.

14. Defendant Robinson was arrested and charged with Aggravated Assault and gave a false written statement to law enforcement alleging that his actions were in self-defense and that Plaintiff instigated the physical assault. The untruthful version of events was ratified and perpetuated by Gas and Food Mart Inc.

15. Upon information and belief, the actions of Robinson were directed, encourage and ratified by Gas and Food Mart Inc.

(Underlying Complaint at paragraphs 7 – 15).

20. Based upon the above factual allegations, Defendant Dominick Brown filed the underlying Complaint in the Circuit Court of Shelby County, Tennessee against Defendant Gas and Food Mart, Inc. and Defendant Michael Robinson seeking an award of compensatory and punitive damages predicated upon theories that:

  A. Defendants Michael Robinson while acting in the scope and course of his employment with and at the request and direction of Defendant Gas and Food Mart, Inc. intentionally assaulted Defendant Dominick Brown causing permanent and substantial injuries (Count I of the underlying Complaint);

  B. Defendants Michael Robinson and Gas and Food Mart, Inc. intentionally caused Defendant Dominick Brown severe emotional distress resulting in physical manifestations of same by their willful, wanton, extremely reckless and indifferent conduct (Count II of the underlying Complaint);

  C. Defendants Michael Robinson and Gas and Food Mart, Inc. negligently caused Defendant Dominick Brown severe emotional distress by their failure to act or otherwise protect Defendant Dominick Brown (Count II of the underlying Complaint); and

  D. Defendant Gas and Food Mart, Inc. negligently breached its duty to (a) provide a safe environment to its patrons, (b) adequately train, supervise, direct and monitor its employees, (c) provide medical assistance to its patrons in need and (d) have adequate policies, customs and guidelines applicable to the acts complained above proximately causing the damages alleged in the Complaint. (Count III of the underlying Complaint).

  21. Defendant Gas and Food Mart, Inc. a/k/a Gas & Food Mart, Inc. has requested a defense and indemnity coverage for the claims asserted by Defendant Dominick Brown in the underlying Complaint under the Policy of insurance issued by Capitol Indemnity.

22. Capitol Indemnity has employed attorney John D. Richardson, Esq. to defend Gas and Food Mart, Inc. in the underlying litigation under a Reservation of Rights. A true and accurate copy of Capitol's Reservation of Rights letter transmitted to Gas and Food Mart, Inc. is attached hereto as Exhibit "3".

23. Upon information and belief Defendant Michael Robinson has not been served with the underlying Complaint as of the date of the filing of this case.

## REQUEST FOR DECLARATORY JUDGMENT

24. Plaintiff Capitol Indemnity realleges the allegations of Paragraphs 1-23 above as if fully set forth herein.

25. The Commercial General Liability Coverage Form of the Policy issued to Defendant Gas & Food Mart, Inc. provides in pertinent part as follows:

**SECTION** I - **COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply….

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"…;

(CG 00 01 04 13 at p. 1 of 16).

26. The term "occurrence is defined in the Commercial General Liability Coverage Form of the Policy as follows:

… **"13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

(CG 00 01 04 13 at page 15 of 16).

27. The Policy has an "Assault or Battery" Exclusion added to the Policy by the ASSAULT OR BATTERY EXCLUSION endorsement. (CGL 388 (04 10).

28. The "Assault or Battery" Exclusion added to the Policy by the ASSAULT OR BATTERY EXCLUSION endorsement (CGL 388 (04 10) provides in pertinent part as follows:

### ASSAULT OR BATTERY EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM…

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM…**

**C.** The following is added to:

    **1.** **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2.** Exclusions…

**"Assault or Battery" Exclusion**

This insurance does not apply to, nor shall we have a duty to defend, any claim or "suit" seeking damages or expenses due to "bodily injury", "property damage", "personal and advertising injury" or "injury" as defined respectively in the Commercial General Liability Coverage Form and Liquor Liability Coverage Form, arising out of, resulting from, or in connection with any of the following acts or omissions regardless of their sequence or any concurring cause:

    a.    "Assault or battery", whether or not caused or committed by or at the instruction of, or at the direction of or arising out of the negligence of you, any insured, any person or legal entity, or any causes whatsoever:

    b.    The suppression or prevention of, or the failure to suppress or prevent "assault or battery" by you, any insured, or any person or legal entity;

    c.    The failure by you, any insured, or any legal entity to provide an environment safe from "assault or battery", including but not limited to the failure to provide adequate security, or the failure to warn of the dangers of the environment which could contribute to "assault or battery" or failure to maintain the premises by you, any insured or any person or legal entity;

    d.    The negligent employment, investigation, hiring, supervision, training, retention, or any other employment related practice by any insured or any person or legal entity, including but not limited to contractors or subcontractors;

    e.    The use of any force to protect persons or property whether or not the "bodily injury", "property damage", "personal or advertising injury" or "injury" was committed by or at the direction of you, any insured or any person or legal entity;

    f.    The rendering of or failure to render or secure treatment or care necessitated by any "assault or battery" by you, any insured or any person or legal entity;

    g.    The reporting to the proper authorities or failure to do so by you, any insured, or any person or legal entity; or

    h.    Caused by, arising out of or resulting from the intoxication of any person.

(CGL 388 (04 10) at pp. 1 - 2 of 3).

    29.    The "Assault or Battery" Exclusion added to the Policy by the ASSAULT OR BATTERY EXCLUSION endorsement (CGL 388 (04 10) defines "Assault or battery" as follows:

**D.    Definitions**

The following is added to **SECTION V – DEFINITIONS** of both the General Liability Coverage Form and Liquor Liability Coverage Form

"Assault or battery" means:

**a.**    Assault, including sexual abuse, sexual assault, intimidation, sexual harassment, verbal abuse, and any threatened harmful or offense contact between two or more persons, whether or not caused or committed by or at the instruction of, or at the direction of, or arising out of the negligence of you, any insured, any legal entity, or any causes whatsoever, regardless of fault or intent; and

**b.**    Battery, including sexual abuse, sexual battery, sexual molestation, any physical altercation and any actual harmful or offensive contact between two or more persons, whether or not caused or committed by or at the instructions of, or at the direction of, or arising out of the negligence of, you, any insured, any legal entity, or any caused whatsoever, regardless of fault or intent.

(CGL 388 (04 10) at  pp. 2- 3 of 3).

30.    The Policy has a "Firearms and Weapons" exclusion added to the Policy by the EXCLUSION – FIREARMS AND WEAPONS endorsement. (CGL 408 (09 11).

31.    The "Firearms and Weapons" exclusion added to the Policy by Endorsement (CGL 408 (09 11) provides in pertinent part as follows:

A.    The following exclusion is added to: **SECTION 1 – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions…:**

**a.    Firearms and "weapons":**
This insurance does not apply to, nor shall we have a duty to defend, any claim or "suit" seeking damages or expenses due to "bodily injury", "property damage" "personal and advertising injury" or "injury", as defined respectively in the commercial General liability Coverage Form and Liquor Liability Coverage Form, arising out of, resulting from, or in connection with any of the following acts or omissions regardless of their sequence or an concurring cause.

 **(1)** The use of firearms or "weapons", whether or not caused or committed by or at the instruction of, or at the direction of or arising out of negligence of you, any insured, any person or legal entity, or any causes whatsoever….

 **(3)** The negligent employment, investigation, hiring, supervision, training, retention, or any other employment related practice by any insured or any person or legal entity, including but not limited to contractors or subcontractors….

 **(5)** The rendering or failure to render or secure treatment or care necessitated by anyone injured by a firearm or weapon by you, any insured or legal entity.

 **(6)** The failure by you, any insured, or any legal entity to provide an environment safe from the use of firearms or "weapons" but not limited to the failure to provide adequate security, or the failure to warn of the dangers of the environment which could contribute to "bodily injury" or failure to maintain the premises by you, any insured or any person or legal entity.

(CGL 408 (09 11) at p. 1 of 2).

32. The EXCLUSION – FIREARMS AND WEAPONS endorsement (CGL 408 (09 11) defines the term "weapons" as follows:

2. "Weapons" means instruments of an offensive or defensive nature and include **but are not limited to** batons, bow or crossbow, arrows, knives, mace, stun guns or swords.
(CGL 408 (09 11) at p. 2 of 2).  (Emphasis in original).

33. The claims asserted by Defendant Dominick Brown in the underlying Complaint attached hereto as Exhibit "2" do not allege "bodily injury" or "property damage" caused by an "occurrence" as defined in the Commercial General Liability Coverage Form of the Policy so as to bring said claims within the Policy's Insuring Agreement and as such there is no duty to defend or to provide indemnity coverage for any insured for said claims under the Policy of insurance issued by Capitol.

34. There is no duty to defend or to provide indemnity coverage for the claims asserted against Defendant Michael Robinson by Defendant Dominick Brown as

Defendant Michael Robinson is not an "insured" under the Commercial General Liability Coverage Form of the Policy of insurance issued by Capitol.

35. Plaintiff Capitol Indemnity has no duty to defend or to provide indemnity coverage for Defendant Gas and Food Mart, Inc. a/k/a Gas & Food Mart, Inc. for the claims asserted by Defendant Dominick Brown in the underlying Complaint under the Commercial General Liability Coverage Form of the Policy of insurance issued by Capitol as said claims are excluded from coverage by the "Assault or Battery" Exclusion of the ASSAULT OR BATTERY EXCLUSION endorsement (CGL 388 (04 10) to the Policy.

36. Plaintiff Capitol Indemnity has no duty to defend or to provide indemnity coverage for Defendant Gas and Food Mart, Inc. a/k/a Gas & Food Mart, Inc. for the claims asserted by Defendant Dominick Brown in the underlying Complaint under the Commercial General Liability Coverage Form of the Policy of insurance issued by Capitol as said claims are excluded from coverage by the "Firearms and "weapons"" exclusion of the EXCLUSION – FIREARMS AND WEAPONS endorsement (CGL 408 (09 11) to the Policy.

37. Plaintiff Capitol Indemnity has no duty to defend or to provided indemnity coverage for Defendant Michael Robinson for the claims asserted by Defendant Dominick Brown in the underlying Complaint under the Commercial General Liability Coverage Form of the Policy of insurance issued by Capitol as said claims are excluded from coverage by the "Assault or Battery" Exclusion of the ASSAULT OR BATTERY EXCLUSION endorsement (CGL 388 (04 10) to the Policy.

38. Plaintiff Capitol Indemnity has no duty to defend or to provide indemnity coverage for Defendant Michael Robinson for the claims asserted by Defendant Dominick Brown in the underlying Complaint under the Commercial General Liability Coverage Form of the Policy of insurance issued by Capitol as said claims are excluded from coverage by the "Firearms and "weapons"" exclusion of the EXCLUSION – FIREARMS AND WEAPONS endorsement (CGL 408 (09 11) to the Policy.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Capitol Indemnity Corporation prays that this Court enter a declaratory judgment in its favor against Defendants and issue an Order declaring:

1. That there is no duty to defend Defendants Gas and Food Mart, Inc. a/k/a Gas & Food Mart, Inc. and Defendant Michael Robinson under the policy of insurance number CP02306070-01 issued to Defendant Gas & Food Mart, Inc. for the claims asserted by Defendant Dominick Brown in the underlying Complaint attached hereto at Exhibit "2";

2. That there is no indemnity coverage for Defendants Gas and Food Mart, Inc. a/k/a Gas & Food Mart, Inc. and Defendant Michael Robinson under the policy of insurance number CP02306070-01 issued to Defendant Gas & Food Mart, Inc. for the claims asserted by Defendant Dominick Brown in the underlying Complaint attached hereto as Exhibit "2";

3. That Plaintiff Capitol Indemnity Corporation may withdraw any defense being provided to Defendant Gas and Food Mart, Inc. a/k/a Gas & Food Mart, Inc. or Defendant Michael Robinson under the policy of insurance number CP02306070-01 issued to Defendant Gas & Food Mart, Inc. for

the claims asserted against said Defendants in the underlying Complaint filed by Defendant Dominick Brown attached hereto as Exhibit "2";

4. That Plaintiff Capitol Indemnity Corporation is entitled to reimbursement of all cost, attorney's fees, expenses and indemnity payments incurred in the defense and/or compromise of the underlying litigation from Gas and Food Mart, Inc. a/k/a Gas & Food Mart, Inc. and/or Defendant Michael Robinson; and

5. Granting such other and further relief as it deems just and proper under the evidence and circumstances in this case.

Respectfully submitted,

**GLASSMAN, WYATT, TUTTLE & COX, P.C.**

BY: /s/ Richard Glassman
RICHARD GLASSMAN (#7815)

/s/: James F. Horner, Jr.
JAMES F. HORNER, JR. (#16152)

26 North Second Street
Memphis, TN 38103
(901) 527-4673
(901) 521-0940 (fax)
jhorner@gwtclaw.com
rglassman@gwtclaw.com
*Our file No. 15-247GQ*

**Attorneys for Plaintiff**