IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CAPITOL INDEMNITY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15-cv-02729- JTF-tmp |
| | ) | |
| GAS and FOOD MART, INC. a/k/a | ) | |
| GAS & FOOD MART, INC., | ) | |
| MICHAEL ROBINSON and | ) | |
| DOMINICK BROWN, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON MOTIONS AND ORDER DISMISSING CASE

Before the Court is Plaintiff, Capitol Indemnity Corporation's Motion for Summary Judgment filed on January 26, 2016. (ECF No. 18). On February 23, 2016, the Defendant filed a response in opposition. (ECF No. 24). Also before the Court is the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction filed on March 21, 2016. The Plaintiff filed a response to this motion on April 4, 2016, to which Defendant filed a reply on April 18, 2016. (ECF Nos. 33, 35 and 41). For the following reasons, the Court finds that it should decline exercising its discretionary jurisdiction over this declaratory judgment action, rendering Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Plaintiff's Motion for Summary Judgment Moot.

### I. STATEMENT OF FACTS

On August 24, 2014, Dominick Brown was a customer at the business, Gas and Food Mart, Inc. As he was leaving the gas station, Brown became involved in a verbal confrontation

with Michael Robinson, an employee of the business. As Brown was leaving the station, the incident escalated into a physical altercation. During the encounter, Michael Robinson severely beat Dominick Brown with a stick, striking him about the head and face, leaving him unconscious on the pavement. Robinson left the parking lot for approximately one minute. Upon his return, Robinson threw an unknown substance on Brown, struck him in the head and kicked him in the side, while Brown remained unconscious. After the incident, Robinson was arrested and charged with aggravated assault, although he claimed that his actions were in self-defense. Video surveillance captured the event.

As a result of the incident, Brown filed a complaint for damages against Gas and Food Mart, Inc. and Michael Robinson in the Circuit Court for Shelby County, Tennessee on August 21, 2015, in Case Number CT-003526-15. Brown raises several state law claims including but not limited to, negligence, intentional infliction of emotional distress, and breach of duty to provide a safe environment to its patrons. Gas and Food Mart, Inc. was insured at the time of the incident by Capitol Indemnity.[1] (ECF Nos. 1-1 and 13-1). On November 6, 2015, Capitol Indemnity filed this action for declaratory judgment asking this Court to determine whether it has a duty to defend or provide indemnity coverage for Defendants Gas and Food Mart, Inc. and Michael Robinson. (ECF No. 1, ¶¶ 24-38).

On March 2, 2016, the Court entered a Default Judgment in favor of Capitol Indemnity against Defendant Dominick Brown for failure to answer or respond to the Order to Show Cause entered by the Court on February 1, 2016, pursuant to Fed. R. Civ. P. 55(b)(2). (ECF No. 26). Plaintiff was unable to execute service on Defendant, Michael Robinson. (ECF No. 1, ¶ 23). Therefore, the case against him was dismissed for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). On March 21, 2016, Gas and Food Mart filed a motion to stay a ruling on the summary

---

[1] Policy Number CP02306070-01, effective for the period dated October 25, 2013 to October 24, 2014.

2

judgment motion pending a ruling on Gas and Food Mart's summary judgment in the underlying state court action, *Brown v. Gas and Food Mart, Inc.*, No. CT-003526-15. (ECF No. 32). The motion was denied. (ECF No. 38). On April 11, 2016, the Defendant filed a Notice that a Motion for Summary Judgment has been filed in the related state court action. (ECF No. 36). Based on the length of time and lack of action in the state court proceeding, the Court has determined that a ruling on the pending motions before this Court is appropriate at this time.[2]

## II. JURISDICTION

Pursuant to 28 U.S.C. § 1332(a)(1), a federal court has original jurisdiction over any civil action where the matter in controversy exceeds $75,000, and is between citizens of different states. Capital Indemnity is an incorporated insurance company having its principal place of business in Middleton, Wisconsin. (ECF No. 10, ¶ 3). The Defendant Gas and Food Mart, Inc. is a Tennessee Corporation having its principal place of business in Memphis, Tennessee. The individual Defendants, Michael Robinson and Dominick Brown, are both residents of Memphis. Based on the nature of the alleged injuries and the associated medical expenses, the amount in controversy exceeds $75,000. (*Id*. at ¶¶ 4-6, 10). Therefore, diversity jurisdiction has been satisfied. (*Id.* at ¶ 9).

Even when the jurisdictional requirements are met, federal courts are not required to entertain a declaratory judgment action. 28 U.S.C. § 2201; and *Wilton v. Seven Falls, Co.,* 515 U.S. 277, 282 (1995). The Declaratory Judgment Act does not provide an independent basis for subject matter jurisdiction in the federal judicial court. It is instead, a remedial statute. *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007). A declaratory judgment is typically sought before

---

[2] The Court is aware that Plaintiff served a Notice of Discovery of its First set of Interrogatories and Requests for Production of Documents upon the Defendant on July 21, 2016, which indicates that the parties are proceeding with trial preparations. The parties were directed to complete mediation on or before October 17, 2016. (ECF Nos. 40 and 42). Finally, the Court is also aware that an Order is pending on the Capital Indemnity's motion for summary judgment in Circuit Court.

an injury has occurred. *National Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997). Additionally, declaratory action normally provides a "means by which rights and obligations may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy and in cases in which a party who could sue for coercive relief has not yet done so. It thereby minimizes[']"the danger of avoidable loss and unnecessary accrual of damages.[']" 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedures § 2751 (3d ed. 1998); *Miami Valley Mobile Health Services, Inc. v. Exam One Worldwide, Inc*., 852 F.Supp.2d 925, 938 (S.D. Ohio 2012); and 28 U.S.C. § 2201 (a)(1988).

### III.   DEFENDANT'S MOTION TO DISMISS

The Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction on March 21, 2016, to which the Plaintiff responded on April 4, 2016. The Defendant filed a reply to Plaintiff's response. (ECF Nos. 33, 35 and 41). The Plaintiff contends that the Defendant has mischaracterized the motion to dismiss because the Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332(a). Instead, the Plaintiff asserts that Defendant is actually requesting that the Court decline to exercise its jurisdiction under the Declaratory Judgment Act, a request that Plaintiff argues has been waived.[3] (ECF No. 35).

The Court agrees that the Defendant's motion to dismiss is more appropriately construed as a motion for the undersigned Court to decline exercising its discretionary jurisdiction over the Plaintiff's declaratory action.

#### Analysis

Plaintiff first asserts that the Defendant has waived the jurisdictional issue based on the

---

[3] Plaintiff asserts that because of the Defendant's unexplained delay in raising this issue, the Defendant should be estopped from raising this issue based on principles of fairness, judicial economy and efficiency. *Ohio Environmental Council v. United States Dist. Court, S.D.,* 565 F.2d 393, 396 (6th Cir. 1977).

4

amount of time and resources expended by the parties and the Court thus far; and Defendant's unexplained delay in filing the instant motion to dismiss. (ECF No. 45, pp. 3, 5-6). The Defendant argues that based on the factors set out in *Traveler's Indem. Co. v. Bowling Green Prof. Assocs*, *PLC*, 495 F.3d 266, 271 (6th Cir. 2007) and *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000), the case should be dismissed pursuant to Fed. R. Civ. P. 12 (b)(1) and the Declaratory Judgment Act, 28 U.S.C. § 2201(a). (ECF No. 33-1).

The Court notes that the Defendant first raised the discretional jurisdiction issue in its Answer and Amended Answer to the Complaint as an affirmative defense. Defendant also responded to Plaintiff's waiver argument in its Reply in Support of the motion to dismiss. (ECF Nos. 9 and 14, p. 7 and ECF No. 41). Defendant asserts that the motion to dismiss was timely filed before the expiration of the scheduling order deadline of July 5, 2016. (ECF No. 39 and ECF No. 41, p. 2). Also, in the Amended Answer, Defendant raised the issue by asserting, "[t]he Court should abstain from exercising federal jurisdiction given that related disputed state law claims are pending in state court." Challenges to a district court's subject matter jurisdiction can be raised at any time in the civil action, even initially at the highest appellate instance. See *Scottsdale*, 513 F.3d at 552.

Next, courts usually consider five factors when deciding whether to exercise jurisdiction in a declaratory judgment action: 1) whether the declaratory judgment would settle the controversy; 2) whether the action would serve a useful purpose in clarifying the legal relations at issue; 3) whether the remedy is being used merely for procedural fencing or to provide an avenue for *res judicata*; 4) whether the action would increase friction between federal and state courts and improperly encroach on state jurisdiction; and 5) whether an alternative remedy exists that is better and more effective. *See Scottsdale, Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir.

2008).  *See also AmSouth Bank v. Dale*, 386 F.3d 763, 785 (6th Cir. 2004); *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 812-13 (6th Cir. 2004); *Grand Trunk Western R. Co. v. Consolidated Rail, Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (holding declaratory relief was inappropriate when neither of the first two factors would result).

In reference to the first factor, the Defendant asserts that resolution of the declaratory judgment action in this Court will not settle the controversy currently pending in state court. (ECF No. 33-1 at pp. 5-6).  *Travelers*, 495 F.3d at 271-72.  Plaintiff contends that the first factor pertains to whether the declaratory judgment would settle the controversy between the parties in this action or whether Capital Indemnity is obligated to defend and provide coverage for the claims raised in state court.  (ECF No. 35, p. 10).

In the Sixth Circuit, it has been held that while declaratory actions might clarify the legal relationship between the insured and the insurer, they do not settle an ongoing controversy between the parties in state court.  However, it is important to determine if the insurer is a party to the state court action and if any factual issues are being developed in the state court case that would impact the federal court's exercise of jurisdiction. *Scottsdale*, 513 F.3d at 555; *Travelers*, 495 F.3d at 266.  Capital Indemnity is not a party to the underlying state court action.  Even if this Court rules that under the policy, there is a duty to defend or indemnify the gas station and Robinson, the underlying state law claims would still remain. A decision in this court would not resolve the fact-based questions relative to assault and battery, self-defense, provocation, negligence, negligent supervision, the definition of "occurrence" and "weapon".  In fact, these factual issues must be resolved before a court can determine coverage. *Travelers*, 495 F.3d at 273; *Bituminous*, 373 F.3d at 808; *State Farm Fire and Cas. Co. v. Odum*, 799 F.2d 247, 251 (Merritt, J. Dissenting)("[D]eclaratory judgment actions seeking an advance opinion on

indemnity issues are rarely helpful when there is an ongoing action in another court"). Although the declaratory judgment action might clarify the legal relationship between the insurer and the insured, it would not settle the ultimate controversy between the parties which is ongoing in state court. *Travelers*, 495 F.3d at 272; and *State Farm Fire and Casualty, Co. v. Beck's Branch, Inc.*, No. 15-1251, 2016 WL 762701, *3 (W.D. Tenn. February 25, 2016). Therefore, the first factor weighs against the exercise of jurisdiction in this case.

The second factor is whether the declaratory judgment would serve a useful purpose in clarifying the legal relations at issue. A declaratory judgment serves a "useful purpose" when it clarifies the legal duties for a future claim. It is not useful when the purpose of the action is to enable a prospective negligence defendant to obtain a declaration of non-liability of a past harm, particularly when a coercive tort action is pending. *Amsouth*, 386 F.3d at 786. A declaratory judgment would not serve a useful purpose when a declaratory defendant promptly filed suit to enforce its underlying claim. *Id.* A declaratory judgment action should not be used to bring to the federal courts an affirmative defense which may later be asserted in pending state action. *Id.* at 787. Declaratory judgment actions filed for an advance opinion on indemnity issues in insurance diversity cases are seldom helpful in resolving an ongoing action in another court. *Bituminous Cas. Corp.*, 373 F.3d at 813-14. In *Bituminous,* the plaintiff sustained injuries during an accident while voluntarily assisting a friend at a logging site. The injured party filed a personal injury action in state court against his friend's company and its employees. Later, Bituminous, the general liability policy carrier, filed an action in federal court for a declaratory judgment regarding its duty to defend. The Sixth Circuit found declaratory relief particularly inappropriate considering the questions of state law and the underlying fact issues, primarily whether plaintiff in the state court action was an employee. In the case at bar, there exists a

7

factual question in the state court concerning whether Robinson acted illegally or in self-defense after being provoked. Thus, it would be inappropriate for this Court to exercise its discretion in this declaratory action. *Id.* at 813. Therefore, the second factor indicates that a declaratory judgment in this case would not prove useful.

The third factor is whether the remedy is being used merely for procedural fencing or to provide an avenue for *res judicata.* Dominick Brown filed the underlying Circuit Court action against Gas and Food Mart, Inc. and Michael Robinson on August 21, 2015. (ECF No. 1-2). Capitol Indemnity Corp. filed its Declaratory Judgment action on November 6, 2015. (ECF No. l). A ruling by this Court in favor of Capital Indemnity would remove its obligation to intervene in the underlying state court action. However, it does not appear from the facts of this case that Capital Indemnity filed this action in an effort to gain a procedural advantage or for any other improper motive. Therefore, this factor weighs in favor of the Court issuing a declaratory ruling.

The fourth factor is whether the action would increase friction between federal and state courts and improperly encroach on state jurisdiction. In resolving this question, the Sixth Circuit has listed three considerations: 1) whether the factual issues are important in resolving the case; 2) whether the state trial court is in a better position to evaluate those factual issues than the federal court; and 3) whether there is a close nexus between the underlying factual and legal issue and the state law and/or public policy, or whether federal common or statutory law dictates resolution of the case. *Bituminous*, 373 F.3d at 815; and *Scottsdale*, 211 F.3d at 968.

In the instant case, there are factual issues that are important in resolving the case, and the state trial court is in a better position to evaluate those issues. Also, the case does not appear to involve a question of law that is unsettled or one of first impression. The current record in that case, CT-003526-15, denotes the matter was heard on or about June 24, 2016 and an order is

pending on the Defendant's summary judgment. The factual disputes are relevant to the underlying resolution in state court. The underlying factual and legal issues regarding the insurer's contractual obligations are closely intertwined. Those issues may easily be resolved in the pending state action. A federal claim has not been raised. As such, the fourth factor weighs against the exercise of discretionary jurisdiction.

The fifth factor is whether an alternative remedy that is better and more effective exists in this case. *See Scottsdale,* 513 F.3d at 554. The policy was executed in Tennessee to cover a business located in Tennessee. As such, Tennessee contract law governs. *Auto-Owners Insurance Company v. Southeastern Car Wash Systems*, No. 1:15-CV-212, 2016 WL 30273274, *3 (E.D. Tenn. April 25, 2016)(Tennessee courts interpret insurance contracts using the same rules of construction that apply to other contracts); and *Travelers Indem. Co. of AM. v. Moore & Assocs., Inc*., 216 S.W.3d 302, 305 (Tenn. 2007). "There is . . . nothing automatic or obligatory about the assumption of jurisdiction by a federal court to hear a declaratory judgment action. . . . Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Wilton*, 515 U.S. at 288. A current state lawsuit is pending wherein the parties are now awaiting a decision on the summary judgment motion. Therefore, a better and more effective remedy exists in this case, providing no need for a declaratory ruling by the undersigned federal court. The fifth and last factor weighs against the exercise of jurisdiction.

**CONCLUSION**

For the reasons above, the Court finds that four of the five factors above weigh against the Court's exercise of declaratory jurisdiction in this case. *Grand Trunk*, 746 F.2d at 326 and

9

*Wilton*, 515 U.S. at 288.  Accordingly, the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 33, and the Plaintiff's Motion for Summary Judgment, ECF No. 18, are both Denied as MOOT.  Accordingly, the case is ordered Dismissed.

    IT IS SO ORDERED this 14th day of September, 2016.

                                      *s/John T. Fowlkes, Jr.*
                                      JOHN T. FOWLKES, JR.
                                      United States District Judge